IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROHN M. WEATHERLY | § | |
| VS. | § | CIVIL ACTION NO. 9:24cv13 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Rohn M. Weatherly, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and the Petition

Petitioner states he was previously convicted of unlawful restraint and theft of property. He was sentenced to 15 years of imprisonment. In 2023, the Texas Court of Criminal Appeals vacated the conviction for unlawful restraint. The court stated that the conviction for theft of property remained in place. *Ex parte Weatherly*, No. WR-61,215-10, 2023 WL 2000064 (Tex. Crim. App. Feb. 15, 2023). Petitioner complains that after his conviction for unlawful restraint was vacated, the Texas Board of Pardons and Paroles improperly refused to consider his request for release on parole and did not provide him with a meaningful opportunity to be heard.

Analysis

The Due Process Clause of the Fourteenth Amendment to the Constitution only applies when state procedures impact a protected liberty interest or property interest. *Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983). Texas law does not create a liberty interest in parole that is protected by the Due Process Clause and Texas prisoners have no constitutional expectancy of release on parole. *Madison v. Parker*, 104 F.3d 765 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). As a result, it is "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

As petitioner has no liberty interest in being released on parole, his complaints regarding the failure to consider him for release on parole or provide him with a meaningful opportunity to be heard do not provide him with a basis for relief. His petition should therefore be denied.

Recommendation

This petition for writ of habeas corpus should be denied.

Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to timely file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted

by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) *(en banc)*.

SIGNED this 15th day of May, 2024.

_____
Zack Hawthorn
United States Magistrate Judge